# In the United States Court of Federal Claims

|   |   |
|---|---|
| JOHN D. HORTON,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>    *Defendant.* | No. 25-853<br>(Filed: June 10, 2025) |

*John D. Horton*, pro se, Lawton, OK.

*Stephen J. Smith,* Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER,** *Judge*.

  On May 19, 2025, Plaintiff John D. Horton filed a pro se Complaint claiming that on April 5, 2025, "Pakistani Muslim Mafia convenience store owners" stole $820 in "food stamp benefits," also known as Supplemental Nutritional Assistance Program ("SNAP") benefits, from his Electronic Benefits Transfer ("EBT") account. Compl. at 2–3, ECF No. 1; Compl. Ex. A & B, ECF No. 1-2. Plaintiff contends that convenience stores in Philadelphia and New Jersey acquired his EBT account and personal identification number ("PIN") through the "negligence or willfulness" of "Pakistani and/or Muslim federal and/or contractor employees" at the U.S. Department of Agriculture ("USDA"), Conduent.com, and a variety of private banks. Compl. at 3. Mr. Horton alleges these actions constitute a taking in violation of the Fifth Amendment. *Id.* at 1. The Complaint's single-paragraph statement of facts does not include any other allegations. *See id*. at 2–3. Mr. Horton also filed a Motion to Proceed In Forma Pauperis ("IFP") on May 19, 2025. ECF No. 2.

  The Court must dismiss Plaintiff's claims for lack of subject-matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." United States Court of Federal Claims Rule 12(h)(3). While the claims of pro se plaintiffs are construed more leniently, pro se plaintiffs still bear the burden of establishing subject-matter jurisdiction. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Kelley v. Sec'y of U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

  The Court lacks jurisdiction for two reasons. First, Plaintiff makes no allegations against the United States Government. *See* Compl. at 2–3. The U.S. Court of Federal Claims may only hear monetary claims against the United States. *See* 28 U.S.C. § 1491(a)(1). While the

Complaint names the United States as the Defendant in its caption, "the mere invocation of the United States, its agents, or agencies . . . is insufficient to establish this Court's subject-matter jurisdiction." *Gardner v. United States*, No. 25-81, 2025 WL 315313, at *2 (Fed. Cl. Jan 28, 2025) (citation omitted).  Plaintiff alleges convenience stores stole his SNAP benefits after acquiring his EBT account number and PIN from employees of a private company, several private banks, and the USDA.  Compl. at 3.  The Court cannot hear suits against private institutions.  *See* 28 U.S.C. § 1491(a)(1).  And the mere inclusion of USDA employees does not establish this Court's jurisdiction, which "does not extend to cases against private parties or government employees in their individual capacities." *Hastings v. United States*, 165 Fed. Cl. 1, 5 (2023) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Second, Mr. Horton does not sufficiently allege a taking claim to establish jurisdiction.  The Court has jurisdiction over taking claims against the United States if they are "nonfrivolous." *Moden v. United States*, 404 F.3d 1335, 1340 (Fed. Cir. 2005).  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Mr. Horton fails to allege a nonfrivolous taking claim.  "[T]he mere fact that [the plaintiff] uses the word 'taking' is insufficient to support a claim within this Court's jurisdiction." *Perry v. United States*, 149 Fed. Cl. 1, 23 (2020) (citing *Barksdale v. United States*, 582 F. App'x 890, 892 (Fed. Cir. 2014)).  To allege a taking, a plaintiff must claim that the Government took his property for authorized public use and not "in violation of the law." *Mallet-El v. United States*, No. 21-cv-1263, 2021 WL 5833215, at *3 (Fed. Cl. Dec. 9, 2021) (citing *Blanchette v. Conn. Gen. Ins. Corps.*, 419 U.S. 102, 127 n.16 (1974)).

Plaintiff alleges no facts to indicate his SNAP benefits were taken for authorized public use.  *See generally* Compl.  Instead, he claims his food stamps were stolen through the "negligence or willfulness" of federal employees.  *Id*. at 3.  He also attaches some of his SNAP transactions and labels them in handwriting as "fraud," implying the transfers were illegal.  Ex. B.  Even accepting Plaintiff's allegations as true, the Court of Federal Claims could not compensate the unauthorized taking of private property by an officer of the United States.  *See Blanchette*, 419 U.S. at 127 n.16 (citing *Hooe v. United States*, 218 U.S. 322, 336 (1910)).  Therefore, it cannot hear Plaintiff's allegations of fraud or theft by USDA employees.

Mr. Horton requests not to pay the required filing fee.  Mot. to Proceed IFP.  The Court may grant such a Motion when a plaintiff submits an affidavit asserting an inability to "pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Mr. Horton has provided an affidavit alleging significant financial hardship.  *See* Mot. to Proceed IFP at 1–2.  Therefore, the Court grants Plaintiff's Motion, and he is not required to pay the filing fee.

For the reasons above, this case is **DISMISSED** without prejudice.  Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED.**  No costs are awarded.  The Court directs the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge